UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>MATTHEW MITCHEM ) | CAUSE NO. 3:09-CR-00031(01) RM |

OPINION and ORDER

On October 26, 2009, Matthew Mitchem pleaded guilty to Count 2 of the indictment charging him with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and was sentenced on January 11, 2010 to the statutory minimum of 60 months' imprisonment. He was ordered to pay a special assessment of $100.00, a three-year term of supervised released was imposed, and the government dismissed the remaining four counts of the indictment.[1] Mr. Mitchem is now before the court having filed a motion for reduction of his sentence pursuant to 18 U.S.C. § 3582 "as a result of the changes in the Guidelines through Amendments related to [18 U.S.C.] § 924(c)." The court advised Mr. Mitchem that his motion would be considered as having been brought pursuant to 28 U.S.C. § 2255 and gave him time to either withdraw or supplement his motion. Mr. Mitchem hasn't responded to the court's order so his motion will viewed as one under 28 U.S.C. § 2255.

---

[1] The dismissed counts charged Mr. Mitchem with possession with intent to distribute cocaine (Count 1, 21 U.S.C. § 841(a)(1)), possession of a firearm as an unlawful user of controlled substances (Count 3, 18 U.S.C. § 922(g)(3)), distribution of cocaine (Count 4, 21 U.S.C. § 841(a)(1)), and being a felon in possession of a firearm (Count 5, 18 U.S.C. § 922(g)(1)).

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed,

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

Examination of Mr. Mitchem's plea agreement reveals that he waived his right to appeal his conviction and sentence and to contest his conviction and sentence in a § 2255 proceeding. Mr. Mitchem's plea agreement, signed by Mr. Mitchem, his attorney Michael Tuszynski, and Assistant United States Attorney Frank Schaffer contains the following language in paragraph 9(d):

> (e) I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement,
> I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed to any court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742, or in any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

Despite the waivers and admissions in his plea agreement, Mr. Mitchem now challenges his conviction and sentence based on his claims that (i) the court "inadvertently mixed-up counts one, three, four and five by applying the five year statutory maximum imprisonment of count one, three, four and five to count two," and (ii) "the record fails to establish any linkage between the defendant and the firearm or the firearm and the drugs." He asks that the court remove the 924(c) charge and resentence him accordingly.

A plea agreement containing a waiver of the right to appeal and file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005); when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the agreement, Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); or when the sentence is in excess of the statutory maximum sentence for the offense of conviction. United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005).

Mr. Mitchem said at his change of plea hearing that his plea was knowing and voluntary, that he had read and understood the terms of the plea agreement, that he told his counsel everything counsel needed to know to represent him in this case, that he had discussed the plea agreement with his counsel prior to the plea hearing, that he understood he was giving up his right to appeal or otherwise challenge his sentence, and that he was satisfied with the representation his

3

counsel had provided. At the plea hearing, Assistant United States Attorney Schaffer told the court that when police searched Mr. Mitchem's home, they found a quantity of powder cocaine, scales, weighing and packaging devices, and a .40 caliber Smith and Wesson handgun, and that Mr. Mitchem had admitted to the officers that he was selling cocaine and using the handgun to protect himself and his drug business. Mr. Mitchem was then asked:

> THE COURT: Mr. Mitchem, do you agree that the prosecutor could prove that if the case went to trial?
>
> MR. MITCHEM: Yes, sir.
>
> \* \* \*
>
> THE COURT: Now is the most important question, Mr. Mitchem: How do you plead, guilty or not guilty, to Count 2 of the Indictment?
>
> MR. MITCHEM: Guilty.

Plea Hrg. Tr.

Mr. Mitchem's sworn statements at his change of plea hearing are presumed to be truthful when deciding whether his plea was knowing and voluntary. Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000). The record supports a finding that Mr. Mitchem's guilty plea was "a voluntary and intelligent choice among the alternate courses of actions open to him." Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (*quoting* North Carolina v. Alford, 400 U.S. 25, 31 (1970)). The plea agreement clearly and unambiguously sets forth the wavier of his right to appeal and file a § 2255 petition, the court explained the waiver to Mr. Mitchem during the plea colloquy, and Mr. Mitchem acknowledged

4

that he understood. Because Mr. Mitchem's plea was informed and voluntary, the waiver of his right to appeal or file a § 2255 petition "must be enforced." Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008).

Even if Mr. Mitchem hadn't waived his right to appeal or file a § 2255 petition, he couldn't succeed on his claims: there was no "mix-up" in statutory maximum sentences – Mr. Mitchem received a five-year mandatory minimum sentence on Count 2 only and the charges in Counts 1, 3, 4, and 5 were dismissed – and the record establishes a link between Mr. Mitchem, the firearm, and the drugs – Mr. Mitchem admitted in his plea agreement, *see* ¶ 9(b)[2], and at the change of plea hearing that he used the firearm for protection during and in furtherance of his drug trafficking activities.

Because Mr. Mitchem's claims don't relate to the negotiation of the waiver of his right to appeal, those claims are foreclosed by his plea agreement, in which he expressly waived his right to appeal or challenge his conviction and sentence and the way in which the conviction and sentence were determined or imposed. United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005). And while a sentence greater than the statutory maximum sentence for a defendant's crime can be challenged even if the defendant executed a blanket waiver of his appeal rights, United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005), Mr. Mitchem's

---

[2] Mr. Mitchem stated in paragraph 9(b) of his plea agreement that "[d]uring the time when I sold cocaine, I was in possession of a firearm. I [kept] the firearm to protect myself and my cocaine business. I do not dispute the firearm was used to further my drug transactions."

5

sixty-month sentence didn't violate the mandatory "term of imprisonment of not less than 5 years" under 18 U.S.C. § 924(c).

Mr. Mitchem isn't entitled to the relief he seeks. His petition filed pursuant to 28 U.S.C. § 2255 [docket # 37] is SUMMARILY DISMISSED.

SO ORDERED.

ENTERED:   October 20, 2010

/s/ Robert L. Miller, Jr.
Judge, United States District Court

cc:	M. Mitchem
	AUSA Schaffer